# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JERRY DEWAYNE ROGERS, )<br>)<br>Defendant. ) | Case No. CR-21-232-TDD |

## O R D E R

Before the Court is the Government's Motion *in Limine* [Doc. No. 58], which is accompanied by a sealed Exhibit 1 [Doc. No. 71]. Defendant has filed a timely Response [Doc. No. 72]. The Motion is fully briefed and ripe for decision.

## Background

Defendant stands charged in the Superseding Indictment [Doc. No. 50] with seven criminal offenses involving sexual abuse or sexual contact with a minor victim, K.A.[1] Counts 1 and 2 charge aggravated sexual abuse of K.A. (before age 12) by digital penetration from February 2012 to February 2013 and from February 2014 to February 2015 in violation of 18 U.S.C. §§ 2241(c) and 2246(2)(C). Counts 3 and 4 charge abusive sexual contact with K.A. (before age 12) by intentional touching of the genitalia through clothing between July 2012 and February 2013, and by intentional touching of the genitalia directly between February 2012 and February 2013, in violation of 18 U.S.C. §§ 2244(a)(5)

---

[1] The Superseding Indictment alleges all offenses occurred in Indian Country, Defendant is a non-Indian, K.A. is an Indian, and jurisdiction exists under 18 U.S.C. §§ 1151 and 1152.

and 2246(3). Counts 5 and 6 charge abusive sexual contact with K.A. (before age 12) by intentional touching of the breast directly from October 2011 to February 2012 and from February 2014 to February 2015, in violation of 18 U.S.C. § 2244(a)(5) and 2246(3). Count 7 charges sexual abuse of a minor (between ages 12 and 16) by digital penetration between February 2015 and March 2016 in violation of 18 U.S.C. §§ 2243(a) and 2246(2)(C). Although not alleged in the Superseding Indictment, it appears undisputed that, at the time of the alleged offenses, K.A. was living with her mother and stepfather. Her stepfather is Defendant's son, making Defendant K.A.'s step-grandfather.

By its Motion, the government seeks pretrial determinations that: 1) statements K.A. made to a licensed professional counselor are admissible under the hearsay exception of Fed. R. Evid. 803(4); and 2) exculpatory statements Defendant made to an investigator are inadmissible.

## Discussion

**A.     Treatment Notes**

The government proposes to admit progress notes regarding K.A.'s treatment by a licensed professional counselor from December 4, 2019, through June 22, 2021. *See* Notice Intent Offer Records Pursuant to Fed. R. Evid. 902(11) [Doc. No. 69]; Suppl. Notice Intent Offer Records Pursuant to Fed. R. Evid. 902(11) [Doc. No. 74]. These notes refer to statements made by K.A. regarding the alleged sexual abuse, including ones that identify Defendant as the perpetrator. The government asserts that all of K.A.'s statements to the counselor were made for the purpose of medical diagnosis or treatment and satisfy the Rule 803(4) exception to the hearsay rule. Rule 803(4) excepts from the hearsay rule an

2

out-of-court statement that "(A) is made for – and is reasonably pertinent to – medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." *See* Fed. R. Evid. 803(4).

Defendant first objects to the admission of the progress notes due to an alleged incomplete disclosure by the government. A cover letter from the counselor to law enforcement authorities states that K.A.'s relevant treatment period began October 22, 2019, but no progress notes before December 4, 2019, were provided. Defendant also objects to the admission of any part of the progress notes that refers to him because a statement identifying the person responsible for an injury "is not ordinarily admissible under Rule 803(4) because statements of identity are not normally thought necessary to promote effective treatment." *See* Def.'s Resp. Br. at 3 (quoting *United States v. Joe*, 8 F.3d 1488, 1494 (10th Cir. 1993)). Although the Tenth Circuit has recognized an exception to this general rule in cases of child abuse "where the abuser is a member of the family or household" (*Joe*, 8 F.3d at 1494), Defendant argues that he did not have the necessary relationship with K.A. because he was not biologically related to her or living in her household.

Regarding the government's allegedly inadequate disclosure, the Court expects the government to comply with its obligations under Fed. R. Crim. P. 16(a)(1)(E) to provide Defendant with all documents within the government's possession, custody, or control. If additional progress notes are reasonably available to the government, it shall promptly produce them. Otherwise, Defendant may request a subpoena under Fed. R. Crim. P. 17(c).

Regarding the admissibility of evidence of K.A.'s identification of Defendant as her abuser during counseling sessions, the Court finds that this issue cannot be decided outside the context of the trial evidence. The nature of Defendant's relationship with K.A. is not alleged in the Superseding Indictment or shown by the existing record. Thus, a pretrial determination of the admissibility of statements of identity under Rule 803(4) cannot be made. The government should move for the admission of the progress notes at trial outside the presence of the jury after it has presented a sufficient factual basis for the Court to determine the admissibility of K.A.'s statements identifying Defendant as her alleged abuser.

**B.    Defendant's Statements**

The government states that it intends to introduce portions of a video recording of Defendant's interview by a law enforcement investigator. It argues that Defendant's own statements are admissible against him under Fed. R. Evid. 801(d)(2)(A) and (B) but that he cannot offer any of his prior statements. Anticipating that Defendant may rely on a rule of completeness to request the introduction of the entire video, the government asserts that Defendant should be required to identify any parts of the recording that he believes "in fairness ought to be considered at the same time." *See* Fed. R. Evid. 106.

Defendant responds that he cannot make the required showing without knowing what parts of the interview the government intends to offer. Further, Defendant states that the government disclosed to his counsel on the date his brief was due "timestamps of the portions it intends to play" and he objects to introducing only these parts because doing so would "create a misleading impression when taken out of context." *See* Def.'s Resp. Br.

at 1-2. Defendant states that if his recorded statement is admitted, he "reserves the right to introduce evidence at that time to put the statements in context." *Id*. at 4.

Upon consideration, the Court finds that a reasoned decision regarding the admissibility of the government's video evidence cannot be made at this time. The Court expects counsel for the parties to meet and confer regarding specific parts of the video recording that are proposed for admission. If no mutual agreement can be reached, the parties shall provide to the Court before the presentation of evidence begins, designations of the parts of the video that each party requests to be shown, specifically highlighting areas of disagreement.

## Conclusion

For these reasons, the Court finds that it cannot determine in advance of trial the admissibility of unredacted copies of the progress notes of K.A's counseling treatment or Defendant's prior statements.

**IT IS THEREFORE ORDERED** that the Government's Motion *in Limine* [Doc. No. 58] is **DENIED**, in favor of addressing the issues at the appropriate time during trial.

**IT IS SO ORDERED** this 7th day of April, 2022.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE