IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   | |
|                             )   | |
|         Plaintiff,          )   | |
|                             )   | |
| v.                          )   Case No. CR-21-232-TDD |
|                             )   | |
| JERRY DEWAYNE ROGERS,       )   | |
|                             )   | |
|         Defendant.          )   | |

**ORDER**

In preparation for the jury trial set for April 18, 2022, the government has filed its Amended Notice of Intent to Offer Expert Witness [Doc. No. 64]. The government thus discloses Vicki D. Boan as an expert in child sexual abuse in place of an expert witness who was previously disclosed but who is unavailable for the current trial setting. Defendant has filed an Objection to Notice of Intent to Offer Expert Witness and Request for *Daubert* Hearing [Doc. No. 73]. Defendant challenges the admissibility of Ms. Doan's proposed expert opinions under Fed. R. Evid. 702 as not helpful to determine any factual issue, not based on sufficient facts or data, not the product of reliable principles and methods, and not reliably applied to the facts of this case.

The principles of *Daubert* and its progeny,[1] which are codified in Rule 702, oblige the Court to perform an important gatekeeping function regarding expert opinion testimony. In considering whether an expert's opinion is admissible, the Court performs a

---

[1] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

two-step analysis to determine, first, whether the expert is qualified by knowledge, skill, experience, training, or education to render the opinion that the expert offers and, second, whether the expert's opinion is reliable and would assist the trier of fact. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc); *Daubert*, 509 U.S. at 591. At the second step, "Rule 702 requires the district court, before admitting expert testimony, to ensure that testimony 1) has a reliable basis in the knowledge and experience of the expert's discipline, and 2) is relevant to the task at hand." *United States v. Chapman*, 839 F.3d 1232, 1237 (10th Cir. 2016) (internal quotation omitted).

Upon consideration of the issues presented, the Court finds that Ms. Boan appears well-qualified to testify as an expert regarding the subjects of her proposed testimony. Ms. Boan's curriculum vitae shows her extensive training and experience as a forensic interviewer of child sexual abuse victims and her considerable education and training in the areas of child sexual abuse and the interview and disclosure process. This information may be verified through a preliminary examination of Ms. Boan at trial, and Defendant does not question her expert qualifications in these areas. Thus, for present purposes, the Court assumes Ms. Boan is qualified to offer the proposed opinions, and turns to the questions of reliability and relevance.

The government represents that Ms. Boan has previously provided expert testimony on issues related to child sexual abuse and the disclosure process in child sexual abuse cases. Assuming Ms. Boan's expertise in these areas, as shown by her curriculum vitae and verified by her testimony, Ms. Boan's expert knowledge may provide a sufficient basis for her to offer reliable opinions regarding generally accepted principles and relevant

literature within her areas of expertise as described in the government's Amended Notice. Defendant primarily complains that Ms. Boan does not propose to "apply her training to the facts of this case" and will not testify regarding the alleged victim (K.A.) or the alleged facts but "will only testify in general about sexual abuse victims and offenders." *See* Def.'s Obj. at 2, 3.

According to the official commentary to Rule 702, generalized testimony may be appropriate in some cases to allow "an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case." Fed. R. Evid. 702 advisory committee's note to 2000 amendment. The Tenth Circuit has upheld the admission of expert testimony about characteristics of victims of child sexual abuse and whether certain conduct is consistent with conduct exhibited by victims of child sexual abuse, where such testimony was relevant. *See Chapman*, 839 F. 3d at 1234, 1238-40 (allowing sexual assault expert to testify that self-harming conduct exhibited by victim, as described by others, was consistent with coping mechanism of some domestic abuse victims, where opinion was offered to counter defendant's argument that victim injured herself to fabricate evidence against him); *United States v. Charley*, 189 F.3d 1251, 1264-65 (10th Cir. 1999) (district court did not abuse its discretion by allowing expert "to inform the jury of characteristics in sexually abused children and describe the characteristics the alleged victim exhibits").[2]  Thus, both Rule 702 and precedent may

---

[2] In so holding, the court of appeals adhered to the general rule that expert testimony intended primarily to bolster the credibility of a fact witness encroaches upon the province of the jury and is not helpful. *See Chapman*, 839 F.3d at 1239; *Charley*, 189 F.3d at 1267.

allow the admission of Ms. Boan's proposed opinions under appropriate factual circumstances.

The question remains whether Ms. Boan's proposed opinions regarding child sexual abuse and the disclosure process are relevant to the trial issues. At this stage of the case, the Court simply cannot make that determination. It is conceivable that Ms. Boan's testimony in some areas identified in the government's Amended Notice might be relevant. However, the Court will need to hear the government's evidence before it can assess whether Ms. Boan's opinions would assist the jury in deciding any trial issue. After K.A. has testified or sufficient evidence has been received, the Court will expect the government to show Ms. Boan's proposed testimony would be relevant and helpful before calling her as an expert witness.

**IT IS THEREFORE ORDERED** that the Court reserves its ruling on Defendant's Objection to the Amended Notice of Intent to Offer Expert Witness [Doc. No. 73], which will be taken up outside the presence of the jury at an appropriate time during the trial.

**IT IS SO ORDERED** this 12th day of April, 2022.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE