IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. CR-21-232-TDD |
| JERRY DEWAYNE ROGERS, | |
| Defendant. | |

### ORDER

Pending before the Court is the Government's Notice of Intent to Introduce Evidence of Other Bad Acts and Other Crimes of Child Molestation [Doc. No. 31] under Fed. R. Evid. 414 and 404(b). Defendant timely filed his Objection [Doc. No. 33], and in Response [Doc. No. 36], the government added argument under Fed. R. Evid. 413 regarding other crimes of sexual assault. Defendant has filed an authorized Reply [Doc. No. 85] to the government's Response. The issues are now fully briefed.

### Background

Defendant stands charged in the Superseding Indictment [Doc. No. 50] with seven criminal offenses involving sexual abuse or sexual contact with a minor victim, K.A.[1] Counts 1 and 2 charge aggravated sexual abuse of K.A. (before age 12) by digital penetration from February 2012 to February 2013 and from February 2014 to February 2015 in violation of 18 U.S.C. §§ 2241(c) and 2246(2)(C). Counts 3, 4, 5 and 5 charge

---

[1] The Superseding Indictment alleges all offenses occurred in Indian Country, Defendant is a non-Indian, K.A. is an Indian, and jurisdiction exists under 18 U.S.C. §§ 1151 and 1152.

abusive sexual contact with K.A. (before age 12) in violation of 18 U.S.C. § 2244(a)(5) and 2246(3), by intentional touching of the genitalia through clothing between July 2012 and February 2013, by intentional touching of the genitalia directly between February 2012 and February 2013, by intentional touching of the breast directly from October 2011 to February 2012 and again from February 2014 to February 2015.  Count 7 charges sexual abuse of a minor (between ages 12 and 16) by digital penetration between February 2015 to March 2016 in violation of 18 U.S.C. §§ 2243(a) and 2246(2)(C).

The government proposes to introduce witness testimony under Rules 413 and 414 regarding two alleged incidents of sexual assault or child molestation that are not charged in the Superseding Indictment – one involving the victim, K.A., and another involving a potential witness, K.S. – and testimony under Rule 404(b) regarding an alleged incident involving injury to K.A. that was not sexual in nature.

## Discussion

**A.     Evidence of Other Crimes of Sexual Assault or Child Molestation**

**1.     Standard of Decision Under Rules 413 and 414**

Rule 413 applies in criminal cases where the defendant is charged with sexual assault to admit evidence of other acts of sexual assault, and Rule 414 applies in criminal cases where the defendant is charged with child molestation to admit evidence of other acts of child molestation.  In this case, the only difference is whether the alleged victims of the prior acts, K.A. and K.S., were children "below the age of 14" at the time of the alleged acts.  *See* Fed. R. Evid. 414(d)(1) (defining "child").  Defendant is accused of crimes that constitute both "sexual assault" and "child molestation" because both terms include

"conduct prohibited by 18 U.S.C. chapter 109(A)" and K.A. was younger than age 14 on the dates alleged in the Superseding Indictment. *See* Fed. R. Evid. 413(d)(1) (defining "sexual assault"), Fed. R. Evid. 414(d)(2)(A) (defining "child molestation"). Also, the government's proposed evidence involves incidents of attempted or direct touching of the breasts, which are acts of sexual assault or child molestation as defined by Rules 413 and 414. *See* Fed. R. Evid. 413(d)(5) (including attempt to engage in described conduct); Fed. R. Evid. 414(d)(2)(F) (same). Thus, the primary question presented regarding these two uncharged acts is one of relevance. *See United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007).[2]

If relevance is found, evidence of other acts "is subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by a risk of unfair prejudice." *Id*. (internal quotations omitted). "[T]he district court must make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence" and then should consider the following factors:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury

---

[2] "[E]vidence of a prior sexual assault must meet three threshold requirements before it may be considered for admission. The district court must determine (1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense involving sexual assault or child molestation, and (3) the evidence is relevant."

> from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998); *Benally*, 500 F.3d at 1090.

> To further assist district courts in analyzing probativeness under the second *Enjady* factor, the [Tenth Circuit has] enumerated considerations which may influence the court's analysis, including (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony.

*Benally*, 500 F.3d 1085, 1090-91.

### 2.    Application to Evidence Regarding K.A.

The uncharged sexual assault of K.A. allegedly occurred between February 2015 and February 2016, which is the time frame of the sexual abuse charged in Count 7 (when K.A. was about 13 years old).  K.A. stated during a forensic interview, which was video recorded, that Defendant attempted to touch her breasts while they were riding around in a truck but she pushed him away.  Defendant had allegedly touched K.A.'s breasts during prior incidents of abusive sexual contact.  Unlike the charged incidents, K.A. allegedly rebuffed Defendant during the later attempt, and no contact occurred.

Upon consideration, the Court first finds the threshold requirement of relevance is met.  The charges against Defendant allege repeated sexual abuse of K.A. and sexual contact with her over a period of years.  The charged incidents of sexual contact and the uncharged attempt tell a continuing story.  K.A.'s testimony about the later incident, if believed, suggests K.A. began to resist as she matured and increases the believability of her story.  Further, assuming for purposes of this Order that K.A. testifies consistently with

her recorded interview, a jury could reasonably find that the alleged incident of attempted touching of her breasts in Defendant's truck occurred.

Proceeding then to assess the applicable *Enjady* factors, the Court finds that K.A.'s firsthand account of the uncharged incident provides clear proof. Probativeness is shown by the similarity of the incidents – sexual contact and attempted sexual contact of K.A.'s breasts – and a temporal relationship. The disputed fact that the incident tends to prove is Defendant's sexual interest in young females. This fact is hotly contested, and K.A.'s testimony provides the government's primary source of proof. The dangers on the other side of the Rule 403 scale are not weighty. K.A.'s testimony regarding the attempted sexual contact is unlikely to distract the jury from the central issues and will not be time consuming. Defendant's primary objection is that the testimony will be unduly prejudicial and confusing to the jury because it involves the same victim; K.A.'s proposed testimony is not typical Rule 414 evidence of prior acts involving other victims. Defendant cites no legal authority to support his objection, and the Court is not persuaded by it.

For all these reasons, the Court finds that the government's proposed Rule 414 evidence of an uncharged incident of attempted sexual contact with K.A. while driving in a truck should be admitted.

### 3. Application to Evidence Regarding K.S.

The incident involving K.S. allegedly occurred when she was in eighth grade and dating Defendant's older son (who is now K.A.'s stepfather). Although K.S.'s precise age at the time of the alleged incident is disputed, Defendant does not disagree that the analysis of admissibility is the same under either Rule 413 or Rule 414. The government admits

5

that K.S. is now approximately 37 years old and the incident occurred more than 20 years ago. The government proposes to call K.S. to testify, consistent with a witness interview summary (FBI 302 report), that she was returning from a rodeo event with Defendant and both of his sons and that Defendant was driving his truck while the children were sleeping. K.S. says she was riding in a rear seat (beside the younger son) when Defendant reached back, put his hand inside her shirt, and touched her breasts.

Upon consideration, the Court finds that threshold requirement of relevance is met regarding this alleged incident of Defendant's sexual contact with K.S. Her proposed testimony is probative of the disputed fact of Defendant's sexual interest in minor females and his propensity to commit acts of sexual contact with minors. This evidence presents a harder question of whether a jury could reasonably find that the other act occurred. Defendant points out that K.S. provided various descriptions of the truck he was driving and that she described an unlikely scenario that would require him to perform a difficult maneuver of driving a truck, probably at highway speed while pulling a trailer, and simultaneously reaching a hand behind his seat to find and touch a female's breast under her shirt. *See* Def.'s Obj. at 5. The Court agrees with Defendant that it will need to assess K.S.'s testimony and make a preliminary finding of admissibility outside the presence of the jury.

Assuming the government carries its burden to show by a preponderance of the evidence that the jury could reasonably find this act occurred, the Court finds that the proposed evidence of sexual contact with K.S. would be admissible under the remainder of the *Enjady* factors. Regarding probativeness, the Court finds sufficient similarity

between the prior act involving K.S. and the attempted contact with K.A. in a truck, the approximate ten-year gap between the other act with K.S. and the first charged acts with K.A. is not great, and the government's need for evidence beyond K.A.'s testimony all weigh strongly in favor of admitting the evidence. On the other side of the scale, Defendant does not identify any dangers of unfair prejudice, either from an improperly-based verdict, a distraction of the jury from the central issues, or a time-consuming process of proof. Defendant objects that the evidence "should not be admitted because it has not clearly been proven." *See* Def.'s Reply at 2-3. If the government overcomes this objection by its preliminary showing at trial, the Court finds that K.S.'s testimony regarding a prior act of sexual contact with a minor should be admitted.

**B.     Other Crimes or Bad Acts**

    **1.     Standard of Decision Under Rule 404(b)**

Rule 404 (b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character," but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *See* Fed. R. Evid. 404(b)(1)-(2). Four factors govern the admissibility of evidence of other crimes or wrongs under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and, (4) the court must give a proper limiting instruction if it is requested

by the defendant. *See United States v. Moran,* 503 F.3d 1135, 1143 (10th Cir. 2007) (citing *Huddleston v. United States,* 485 U.S. 681, 691-92 (1988)). When offering evidence under Rule 404(b), "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000).

### 2. Application to Evidence of Defendant's Physical Injury to K.A.

The government proposes to introduce testimony under Rule 404(b) regarding an incident in which Defendant allegedly caused K.A. to suffer a physical injury that was not sexual in nature. Specifically, the government anticipates eliciting testimony from K.A. that during the summer of 2016 Defendant injured her while she was helping her stepfather (Defendant's son) and others vaccinate cattle on Defendant's property. According to a witness interview summary, K.A. would testify that Defendant stabbed her arm with a large hypodermic needle loaded with blackleg vaccine and the wound bled profusely. Her stepfather witnessed the injury (but not Defendant's conduct) and treated it. The incident allegedly occurred the day after K.A. had rebuffed an attempt by Defendant to sexually abuse her again, and that morning, Defendant had acted angry and would not speak to her. The government proposes to introduce K.A.'s testimony regarding the incident to show that Defendant intended to retaliate against K.A. for resisting further sexual abuse and that he used retaliation to coerce and control her. The government also proposes to use this evidence, in combination with other evidence about the timing and method of K.A.'s disclosure of the sexual abuse, to show Defendant's plan to intimidate K.A. and discourage her from reporting his conduct.

The Court finds that the government has proffered a proper purpose of admitting the proposed evidence of Defendant's alleged conduct of inflicting physical injury on K.A., that is, as an act of retaliation for alleged resistance to his sexual abuse. This evidence, if believed, tends to show Defendant's intent to victimize K.A. Further, based on allegations and anticipated evidence that the alleged sexual abuse of K.A. was ongoing and disclosure was delayed until 2019, this evidence tends to show Defendant's plan to discourage further resistance from K.A. and prevent disclosure. The Court finds that the government has met its burden to "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence." *See Youts*, 229 F.3d at 1317; *see also United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009) (permissible purpose of 404(b) evidence must be "logically independent from the impermissible purpose of demonstrating conformity with a character trait") (emphasis omitted).

The Court further finds that this evidence survives the balancing test of Rule 403 in that its probative value is not substantially outweighed by the potential for unfair prejudice, and if requested by Defendant, any potential prejudice can be mitigated by a proper limiting instruction. Defendant's primary objection is that K.A. is the only witness to the alleged fact that Defendant caused the injury and her testimony is not reliable. *See* Def.'s Obj. at 2-3, 6; Def.'s Reply at 2. This objection does not persuade the Court that the evidence is inadmissible or likely to cause undue prejudice. Therefore, the Court finds that it should be admitted.

## Conclusion

For these reasons, the Court determines that the government should be allowed to introduce the proposed testimony of K.A. regarding an uncharged incident of attempted sexual contact and regarding an act of physical injury, but that the government should be required to make a preliminary showing regarding the proposed testimony of K.S. before a determination of the admissibility of her testimony can be made.

**IT IS THEREFORE ORDERED** that Defendant's objections to the government's proposed evidence for admission under Rule 414 and Rule 404(b) regarding other acts involving K.A. are overruled, but Defendant's objection to the government's proposed evidence to be admitted under Rule 413 or Rule 414 involving K.S. is reserved. The government shall advise the Court and opposing counsel outside the presence of the jury before calling K.S. to testify.

**IT IS SO ORDERED** this 18th day of April, 2022.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE